```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-15-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THE INSTITUTE FOR THE DEVELOPMENT OF
  EARTH AWARENESS,

                          Plaintiff,                       08 Civ. 6195(PKC)

         -against-                             ORDER

PEOPLE FOR THE ETHICAL TREATMENT
  OF ANIMALS,

                          Defendant,
-----------------------------------------------------------x
PEOPLE FOR THE ETHICAL TREATMENT
  OF ANIMALS,
                          Counterclaim-Plaintiff,


         -against-

THE INSTITUTE FOR THE DEVELOPMENT OF
  EARTH AWARENESS and MARJORIE SPIEGEL.

                          Counterclaim-Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        I have two Joint Letters from the parties setting forth certain discovery disputes. The first purports to address discovery disputes raised by IDEA prior to a stay of proceedings issued on June 15, 2009. Set forth below are my rulings with respect to such disputes:

    1.    PETA argues that at any trial of this action, it will be IDEA's burden under section 504(b) to show a causal nexus between the alleged infringement and the gross revenue and to apportion the "profits" of PETA that were not the result of infringement. Assuming PETA is correct, IDEA is entitled to such responsive documents on the subject as it requested prior to the stay. Plaintiff's Document Request No. 10,

dated December 31, 2008, has contributed to the problem of which IDEA now complains because it invites PETA to assess whether an item of revenue (e.g. a donation or payment) is attributable to the ALP campaign. At trial, PETA will be free to argue that the ALP Campaign is an educational campaign and not a fund raising campaign and that any increases in revenue during the campaign are not attributable to the campaign. However, I will require PETA to produce all documents reflecting revenue generated through its website during the ALP campaign. I will also require to produce all documents reflecting revenue generated through mailings, solicitations, conferences, exhibits or events at which ALP Campaign was referenced. If PETA intends at trial to rely on a comparative period before or after the ALP Campaign, then it will be required to provide the revenues for the comparative period. The production of any document in response to this Order or Plaintiff's Document Request No. 10 shall not be deemed an admission by PETA that the ALP Campaign was the cause in whole or in part of an item of revenue. The documents shall be produced by November 20.

2. PETA is directed to submit an affidavit or declaration from a senior officer that a diligent search has been undertaken for the following documents and that all such documents have been produced or withheld on a listing which is in compliance with Local Rule 26.2: (a) all documents reflecting the list used to send out the Augustus Club newsletter; (b) all documents listing the attendees at the Vanguard/Augustus weekend in

    October 2008, providing the giving history of such attendees in the 6 months preceding the conference and 6 months following the conference; (c) any documents showing the number of hits to PETA's website during the ALP Campaign and the period 6 months before and six months after; (d) any documents showing whether emails were collected from visitors to the traveling ALP exhibit; (e) all documents reflecting comments from those responding to ALP-related web polls or otherwise posted on its website relating to the ALP Campaign; and (f) all documents reflecting advertising of the ALP campaign on PETA's own and third-party websites. The affidavit or declaration and any additional document production shall be made by November 20, 2009.

3.    I have reviewed IDEA's Rule 30(b)(6) deposition notice and the referenced excerpts of the transcript of the June 5, 2009 deposition of the Rule 30(b)(6) designee, Jeffrey Kerr. I will require a continuation of the deposition for a period not to exceed a seven hour period on December 3, 2009, limited to questions that fairly arise from the updated production.

4.    All other relief sought by IDEA is denied.

With respect to the Joint Letter setting forth disputes raised by PETA prior to the stay, my rulings are as follows:

1.    Ms. Speigel is required to state her understanding as to why she entered into the May 7, 2009 agreement and why she did so at that particular juncture. If the sole reason she signed the document is because of a privileged communication with her lawyer, then she should so state.

       As I read the transcript, she took the position that whether her lawyer's advice was or was not the sole reason for executing the agreement was itself privileged; it is not.

2. Ms. Speigel need not respond further on the subject of why she did not sue PETA for copyright infringement.

3. Ms. Spiegel responded that she did not obtain permission from Singer for use of a quote and that she did not feel she had to. No further response is required.

5. Ms. Spiegel will be required to respond to questions as to any other lawsuits that she has initiated or participated in involving the Book at issue, as well as any other copyright infringement action. Beyond that, Ms. Speigel need not respond.

6. Ms. Speigel shall be produced for a one hour examination on the foregoing topics on December 4, 2009.

7. IDEA shall submit <u>ex parte</u> an affidavit or declaration by a persons with personal knowledge of the facts as to the basis for asserting the attorney-client privilege as to the Board action as to which privilege was asserted at the Viola deposition. The affidavit or declaration shall be filed by November 13, 2009. A redacted copy shall be provided to opposing counsel.

8. All other relief sought by PETA is denied.

9. Expert discovery is extended in this case until December 30, 2009.

10. Final Pretrial Submissions in this case are due January 22, 2010. (See paragraph 11 of Order of November 24, 2008.) The Final Pretrial Conference in this case is adjourned to February 26, 2010 at 2 p.m.

-5-

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 14, 2009